```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

BARBARA HANDSCHU, RALPH DIGIA, ALEX   :
McKEIVER, SHABA OM, CURTIS M.
POWELL, ABBIE HOFFMAN, MARK A.        :
SEGAL, MICHAEL ZUMOFF, KENNETH
THOMAS, ROBERT RUSCH, ANETTE T.       :
RUBENSTEIN, MICHEY SHERIDAN, JOE
SUCHER, STEVEN FISCHLER, HOWARD       :
BLATT and ELLIE BENZONE, on behalf
of themselves and all other           :
similarly situated,
                                      :
            Plaintiffs,
                                      :      71 Civ. 2203 (CSH)

        -against-                     :      MEMORANDUM OPINION
                                             AND ORDER
SPECIAL SERVICES DIVISION, a/k/a      :
BUREAU OF SPECIAL SERVICES, WILLIAM
H.T. SMITH, ARTHUR GRUBERT, MICHAEL   :
WILLIS, WILLIAM KNAPP, PATRICK
MURPHY, POLICE DEPARTMENT OF THE      :
CITY OF NEW YORK, JOHN V. LINDSAY
and various unknown employees of the  :
Police Department acting as under-
cover operators and informers,        :

            Defendants.               :

- - - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/13/09

HAIGHT, D.J.

By Notice of Motion dated November 7, 2008, Class Counsel move for a declaration that the plaintiff class is a prevailing party for the purpose of a subsequent application for attorney's fees, and for related relief. Defendants (collectively "the City") oppose the motion in its entirety. The issues have been fully briefed. The Court has considered all the briefs submitted, the last being Class Counsel's brief dated January 30, 2009. Oral argument will be heard at the Courthouse, 500 Pearl Street, on April 22, 2009 at 3:00 p.m. in a Courtroom to be designated later.

Each side is allotted 45 minutes for its argument (although counsel need not take all that time). Class Counsel, being the moving party, will be heard first, and may reserve part of their time, up to 15 minutes, for reply.

Counsel may make such arguments as they think right. However, the Court directs that they address the questions set forth in this Memorandum.

A.  **Questions for Class Counsel**

Class Counsel contend that, given this Court's decisions on their motion, the plaintiff class should be declared a "prevailing party," as that phrase is used in the governing fee-shifting statute, 42 U.S.C. § 1988, and defined by the Supreme Court in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), a definition subsequently applied by the Second Circuit in *Union of Needletrades, Industrial and Textile Employees, AFL-CIO, CLC*, 336 F.3d 200 (2d Cir. 2003) and other cases; *see, e.g., Ma v. Chertoff*, 547 F.3d 342, 344 (2008). Corporation Counsel, representing the City, contend that this Court's rulings on the Plaintiff Class's motion do not entitle the Class to the status of "prevailing party" under *Buckhannon* and its progeny.

Specifically, on this issue Class Counsel contend that in deciding the present motion

> This Court has determined that the representatives of the plaintiff class in this case have standing to challenge NYPD policy and practice that violates the modified Handschu Guidelines but does not violate the Constitution. That is a determination on the merits of this central, hotly contested issue. . . . The Court's determination on standing, made over the strenuous objection of the NYPD, is a final one on this subject. It permanently enables the class to seek enforcement [without which] the Handschu Consent Decree would remain in effect but the plaintiff class would be powerless to enforce it. . . . The Court's determination that the plaintiff class had standing is thus a "judicially sanctioned change in the legal relationship of the

-2-

> parties.", *Buckhannon*, 532 U.S. at 605, and prevailing party status attends the achievement of this result.

January 30, 2009 Brief at 10-11. These questions arise:

(1) Assuming without deciding (or even intimating in the least) that Class Counsel are correct, and the plaintiff class's *success* on this particular issue confers upon it prevailing party status under *Buckhannon* and its progeny, do Class Counsel concede the class's *failure* to obtain the relief prayed for in the underlying motion, namely, an order enjoining enforcement of Interim Order 47 on the grounds that *on its face* Order 47 violated the Handschu Guidelines and the First Amendment to the Constitution?

(2) If Class Counsel do not concede the failure of the class's motion in that respect, upon what grounds do they refuse to do so?

(3) If Class Counsel concede the failure of the motion in that respect, do they also concede that a full lodestar-calculated attorney's fee is subject to reduction because on the underlying motion the plaintiff class "achieved only partial or limited success," *Hensley v. Eckhart*, 461 U.S. 424, 436 (1983)? More recent Second Circuit cases, decided post-*Buckhannon*, require a *Hensley* reduction for partial success, even where a plaintiff satisfies *Buckhannon*'s criteria for "prevailing party" status. *See, e.g., Green v. Torres*, 361 F.3d 96, 99-100 (2d Cir. 2004), a civil rights action against NYPD officers where plaintiff's counsel voluntarily withdrew certain pleaded claims against certain officers and obtained a jury verdict on two claims against one officer. Plaintiff then moved as a "prevailing party" under § 1988 for attorney's fees, a status to which the jury verdict entitled him under *Buckhannon*. The Court of Appeals affirmed the District Court's twenty percent reduction of the overall fee: "We emphasize that *Hensley* explicitly permits the type of fee reduction crafted

by the District Court when a reduction is necessary to align the fee award with the plaintiff's degree of success." *Id.* at 99.[1]

(4) If Class Counsel do not accept in principle that *Hensley* and its progeny require a fee reduction in this case, upon what grounds do they base their contention?

I recognize that Questions (1) through (4) will not be reached if the Court agrees with the City on the threshold question and concludes that the plaintiff class does not have the status of a "prevailing party." Given that reality, these questions may be regarded as premature, in an attorney's fee protocol governed by Fed.R.Civ.P. 54(d)(2). However, Class Counsel's briefs can be read to imply that the plaintiff class prevailed, period, and is consequently entitled to a full fee. There is no acknowledgment in these submissions that the class may have lost an issue which might operate to reduce the recoverable fee. The city's briefs, predictably enough, dwell at length upon the plaintiff class's failure to obtain the equitable relief originally prayed for. In these circumstances, I think it better to require Class Counsel to address the relevant principles during these arguments. If the Court concludes in principle that the plaintiff class is a prevailing party but its partial success (and partial failure) require a reduction in the fee, the calculations required in practice will be addressed at the next stage of the litigation.

---

[1] In *Green*, the Second Circuit rejected the plaintiff's argument that "courts should be barred from measuring a party's degree of success based on claims that are voluntarily withdrawn." The Court of Appeals reasoned that "far from subjecting fee awards to such rigid criteria, *Hensley* warns that '[t]here is no precise rule or formula' for adjusting the lodestar to account for limited success." 361 F.3d at 99. This holding in *Green* applies to the case at bar *a fortiori*, because the plaintiff class did not voluntarily withdraw its claims that Interim Order 47 was facially infirm; it litigated those claims energetically, and lost.

## B. Questions for Corporation Counsel

The present record appears to establish that on April 13, 2007, the NYPD replaced Interim Order 47 (the target of the plaintiff class's pending motion for equitable relief) with Interim Order 22, which contained a materially different set of procedures and directives. But Corporation Counsel did not inform Class Counsel or the Court that Interim Order 47 was no longer in effect. On the contrary: From April 2007 until September 2008, during the course of a number of hearings, submission of motion papers, and correspondence, Corporation Counsel defended Interim Order 47 and resisted discovery into its application requested by the class, just as if (contrary to the facts) Interim Order 47 was still in full force and effect. The particulars of this course of conduct, which are not controverted, are detailed in the declaration of Jethro M. Eisenstein, one of Class Counsel, verified November 7, 2008 ("Eisenstein Decl.") at §§ 18-24.

It was not until September 2008 that Corporation Counsel informed Class Counsel that Interim Order 22 had replaced Interim Order 47; and even then, Corporation Counsel's disclosure was inadvertent, not intentional. Specifically, on August 11, 2008 Corporation Counsel, complying with an order of the Court allowing the plaintiff class discovery into the manner in which the NYPD was applying Interim Order 47 (an order Corporation Counsel had resisted in submissions during July 2008), delivered to Class Counsel 83 NYPD videotapes, which Corporation Counsel described in a letter as "taken during the effective period of Interim Order 47." Eisenstein Decl. at § 25. Struck by this wording, Class Counsel wrote a letter dated August 19, 2008 to Corporation Counsel, stating: "The wording of your letter suggests to us that Interim Order 47 is no longer in effect. Please advise whether that is correct and if it is, please provide us with a copy of the policy or procedure that has replaced Interim Order 47." *Id.* at § 26. Corporation Counsel replied in a letter

-5-

dated September 18, 2008, which said in pertinent part: "We write in response to plaintiffs' letter dated August 19, 2008, wherein plaintiffs request 'a copy of the policy or procedure that has replaced Interim Order 47.'. . . In response, Defendants enclose Interim Order 22, dated April 13, 2007, consisting of pages 1 through 3."

In these circumstances, the following questions arise:

(1) Do Corporation Counsel contend that they were under no obligation whatsoever to inform Class counsel and the Court that as of April 13, 2007 Interim Order 47 was no longer in effect, while conducting the litigation as if it was?

(2) If Corporation Counsel makes the contention referred to in Question 1, upon what factual circumstances, practices or procedures, rules or legal authorities, or other sources do they rely?

(3) Was any consideration given by the Corporation Counsel or other NYPD or City officers or employees as to whether Class Counsel and the Court should have been told at the time that Interim Order 22 had replaced Interim Order 47 in April 2007, or did that non-disclosure simply occur without consideration or discussion?

(4) If consideration was given or discussions held, what were the details? (The Court does not at the present see the need to reopen the record for the presentation of further affidavits or evidentiary material; Corporation Counsel may address these inquires at the oral argument in the form of representations made as an officer of the Court).[2]

---

[2] I recognize that Corporation Counsel's briefs contain some discussion relevant to the questions posed in text. However, given the sensitivity of the issues and the seriousness of the potential consequences, institutional and personal, the Court will inquire into these matters at the hearing. The purpose of this Memorandum is to give all counsel fair notice.

While these questions are posed to counsel for one side or the other, counsel for both parties are free to comment upon any of them at the hearing.

The foregoing is SO ORDERED.

Dated: New York, New York
March 13, 2009

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE