USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 8/292013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*x

BARBARA HANDSCHU, et al.,

                Plaintiffs,

- against -                                                                                   71 Civ. 2203 (CSH)

SPECIAL SERVICES DIVISION, et al.,                                          **MEMORANDUM**

                Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*x


HAIGHT, Senior District Judge:

    Counsel for the plaintiff class move for equitable relief against what counsel perceive to be violations by defendant NYPD of the current Handschu Guidelines, specifically, "surveillance and investigation of Muslim communities in the New York area as detailed in the moving papers." Plaintiff's Main Brief at 2.

    The NYPD, resisting the motion, responds that "[i]n fact, the NYPD rigorously complies with the requirements of the Guidelines and has a number of internal controls in place to ensure that compliance." Defendants' Brief at 2.

    With the broad boundaries of dispute thus drawn, the NYPD turns to a particular criticism of the documents Class Counsel submit in support of the present motion. The NYPD prefaces that criticism by saying:

> Members of the Legal Matters Unit participate in the daily activities
> of the Intelligence division with the purpose of facilitating the

1

> Intelligence Division's compliance with the Modified Handschu Guidelines including, *inter alia*, the authorization of investigations.
>
> In addition to the role of the Legal Matters Unit, since 2011, an additional attorney working in the Intelligence Analysis Unit ("IAU") has been involved in the preparation of the *operative document* (the "Investigative Statement") that sets forth the basis for the proposed investigation. Once the initial draft of the Investigative Statement by the analyst and IAU attorney is prepared, the Investigative Statement is submitted to and vetted by the Legal Matters Unit. These various levels of review are conducted before Investigative Statements are presented to both the Deputy Commissioner of Intelligence and the Commanding Officer of the NYPD Intelligence Division for consideration.

Defendants' Brief at 10-11 (emphasis added). I take the emphasized phrase to mean that the "Investigative Statement" is the NYPD-generated document whose contents determine whether or not a particular suggested investigation will take place, or, one might say, become operative. That meaning is confirmed by further quotations from the Brief, *infra*.

The NYPD then turns to the documents submitted by Class Counsel, and dismisses them for this reason, among others:

> First, none of the NYPD documents submitted by Class Counsel were intended to set forth the basis or predicate for an investigation. The Intelligence Division uses, as stated above, what it refers to as an "Investigative Statement" as the document that sets forth the facts and circumstances, i.e. the predicate, warranting an investigation. None of the documents submitted by Class Counsel is an Investigative Statement and so none were intended to set forth the predicate for an investigation. Thus, Class Counsel's reliance on the face of the exhibits as evidence that the predicate for the investigation has not been met is fundamentally misguided.

Defendants' Brief at 12 (citations to record omitted).

Assuming for present purposes the accuracy of the quoted assertions, the NYPD has succeeded in identifying the Investigative Statement as the best evidence, perhaps the only probative

evidence, of whether a particular investigation was commenced in compliance with the Handschu Guidelines. Defendants' Brief at 9 quotes and summarizes the relevant Guidelines. A showing of "the possibility of unlawful activity" is required to justify the first two levels of investigation: "Checking of Leads" and "Preliminary Inquiries". A showing of a "reasonable indication" that an "unlawful act has been, is being, or will be committed" is required to justify the next level: "Full Investigation." Defendants' Brief at 12 identifies the Investigative Statement as "the document that sets forth the facts and circumstances, i.e. the predicate, warranting an investigation." Presumably, each Investigation Statement describes the level of investigation proposed, the target(s) or subject(s) of the investigation, and the specific "facts and circumstances" that "warrant an investigation." Those facts and circumstances either satisfy the relevant Handschu Guideline requirement, or they do not – which is to say, the particular investigation in question either complies with the Guidelines or it does not.

It would seem difficult, if not impossible, to evaluate a particular investigation's compliance with the Guidelines without examining the Investigative Statement purporting to justify the investigation: a difficulty shared by skeptics such as Class Counsel, and a neutral and disinterested person such as a District Judge. However, questions of security and sensitive information clearly arise. In these circumstances, Class Counsel and Corporation Counsel are directed to confer with each other prior to the October 1 hearing about how discovery into and proof of the Investigative Statements might be arranged, and report to the Court if any understandings are reached or recommendations formulated before the hearing. It seemed better to place the Court's preliminary thoughts on the question before counsel before the hearing. Counsel will of course be aware that they are at liberty to disagree with any aspect of the Court's thinking, as expressed in this

Memorandum. Counsel have not been inhibited in the past in their criticism of the Court, and that healthy exchange of views should continue.

The foregoing is SO ORDERED.

Dated: New York, New York
August 29, 2013

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE