**PROFETA & EISENSTEIN**
45 BROADWAY
SUITE 2200
NEW YORK, NEW YORK 10006
(212) 577-6500
TELECOPIER
(212) 577-6702
E-MAIL: PEI616@GMAIL.COM

JETHRO M. EISENSTEIN
EMAIL: JETHRO19@GMAIL.COM

FRED R. PROFETA, JR.
EMAIL: FRP713@GMAIL.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED : 8/5/2015

August 5, 2015

VIA E-MAIL (Lori_Dorais@ctd.uscourts.gov)

Honorable Charles S. Haight
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

      Re: Handschu v. Special Services
        Division
        71 Civ. 2203 (CSH)

Dear Judge Haight:

  I write on behalf of both parties in this matter to request modification of the parties' confidentiality agreement dated August 15, 2014, which was approved and ordered by the Court on August 20, 2014. A copy of the agreement and endorsed order is attached for the Court's ready reference.

  I am pleased to be able to tell you that the parties have reached a settlement in principle. Only a few discrete items remain to be negotiated and finalized. Both parties anticipate being able to resolve these discrete items, and are working expeditiously to do so.

  It is our understanding that the contemplated settlement will require approval by the Court after a hearing on notice to the class, at which class members will have an opportunity to express their views. If and when the settlement is finalized, Class counsel will make a motion

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 8/5/2015

seeking the Court's approval of the settlement after such a hearing on notice.

In order to facilitate both the Settlement Process and public filing and disclosure of the settlement terms to the Court and the public, the parties seek to modify paragraph 4 of the Court-ordered confidentiality agreement. Specifically, we ask the Court to order that when the settlement terms are finalized, then without further Court order, (a) those terms and related information may be filed publicly on the docket in this matter, and (b) the parties' counsel may speak publicly about those terms and the negotiations that formed the basis of those terms. All other terms of the Court-ordered confidentiality agreement will remain in place.

[handwritten margin: CSH Jr. 8/5/2015]

The parties respectfully request that the Court endorse or "so order" the above modification to the parties' confidentiality agreement so that the Settlement terms may be publicly filed and disclosed when the settlement becomes final.

Respectfully,

*Jethro M. Eisenstein*

Jethro M. Eisenstein

JME/s
Enclosure

cc: Peter G. Farrell, Esq. (Via E-Mail)
    Paul G. Chevigny, Esq. (Via E-Mail)
    Martin R. Stolar, Esq. (Via E-Mail)
    Franklin Siegel, Esq. (Via E-Mail)
    Arthur Eisenberg, Esq. (Via E-Mail)

---

8/5/2015:

The Court comments counsel on their continuing and successful efforts to reach sensible and mutually acceptable agreements in this complex and important case. By this endorsement, the Court signifies its approval of the modification identified in the margin of page 2 of the within letter.

So Ordered.

*Charles S. Haight Jr.*
USDJ

*MEMO ENDORSED*



ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Peter G. Farrell
*Senior Counsel*
Tel: (212) 356-3532
Fax: (212) 356-3509

August 15, 2014

**By Email and Regular Mail**
Honorable Charles S. Haight, Jr.
Senior United States District Judge
United States District Court
141 Church Street
New Haven, CT 06510

**By ECF**
Honorable Joan M. Azrack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Handschu v. Special Services*, 71 Civ. 2203 (CSH)
*Raza v. City of New York* 13 Civ. 3448 (PKC) (JMA)

Dear Judge Haight and Judge Azrack:

Defendants write on behalf of all parties in the above two cases. We write to advise that counsel for the parties have met together on two occasions and have agreed to attempt to consensually resolve the pending disputes (hereinafter the "Settlement Process"). In order to facilitate the Settlement Process, we write to respectfully request that each of you order the provisions set forth below.

As the Courts are aware, while each of these cases is based on unique facts and arguments, there are also some common underlying issues between them. Each involves a claim that the NYPD's Intelligence Bureau is conducting investigations of Muslims based upon religion. In *Handschu*, class counsel claim that the investigations violate the *Handschu* Guidelines, while in *Raza* the plaintiffs claim the investigations violate the First and Fourteenth Amendments.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 8/5/2015

In order to facilitate the Settlement Process, the defendants have agreed to allow cross disclosure between class counsel in *Handschu* and counsel in *Raza* of investigative statements made available in the respective actions. This cross disclosure will allow counsel in each case to examine a common set of documents and provide for a common basis for discussion. Moreover, additional information is contemplated to be exchanged between the parties.

To facilitate this exchange of information, the parties respectfully request the Courts in both cases order the following agreements which shall apply to any and all disclosures (documents, presentations, conversations, interviews, etc.) made during the Settlement Process.

### Handschu and Raza

1) Paul Chevigny, Jethro Eisenstein, Franklin Siegel, Martin Stolar, and Arthur Eisenberg (collectively, "Handschu Class Counsel") shall be treated as "Plaintiffs Counsel" as defined in Section I(E) of the Stipulation and Protective Order for the Production and Exchange of Confidential Materials, dated March 20, 2014 previously entered in Raza (the "Raza Protective Order") (Attached as Exhibit A). Sections III, V, VI, and VII of the Raza Protective Order shall apply to Handschu Class Counsel. No other provisions of the Raza Protective Order shall apply to Handschu Class Counsel.

2) Hina Shamsi, Patrick Toomey, Ashley Gorski, Arthur Eisenberg, Beth Haroules, Ramzi Kassem, Diala Shamas, Hector Gallegos, and Adam Hunt (collectively, "Raza Counsel") shall be subject to the Memo Endorsed Letter dated March 14, 2014 (endorsed March 17, 2014) entered in Handschu (Attached as Exhibit B).

3) If the Settlement Process ends unsuccessfully or the stay proposed in ¶5 below ceases: (i) the cross disclosure permitted under ¶¶ 1 and 2 above shall cease; (ii) Handschu Class Counsel shall no longer be treated as "Plaintiffs Counsel" as defined in Section I(E) of the Raza Protective Order and shall not have access to information produced in Raza; (iii) Raza Counsel shall not have access to information produced under the March 17, 2014 endorsed order in Handschu; and (iv) all other protections including those prohibiting disclosure will remain in effect.

4) All information disclosed during the Settlement Process, including but not limited to documents, presentations, conversations or interviews: (i) shall not be admissible to prove liability for or invalidity of a claim; and (ii) shall remain confidential, privileged, inadmissible and shall not be used in any subsequent proceeding, including as a basis for impeachment of any witness, except as set forth in this paragraph. The parties realize that facts once learned cannot be unlearned. If the Settlement Process ends unsuccessfully and litigation is resumed, all parties retain the right to continue discovery pursuant to Rule 26 *et seq.*, and to seek disclosure of all appropriate information including

documents that have been seen except that no party may cite to or invoke information disclosed during the Settlement Process as a basis for seeking Rule 26 disclosures unless the request for information can be justified upon some other ground. In response to any request for disclosure under Rule 26, the parties reserve the right to invoke any objection, privilege or prior court ruling as a basis for refusing to disclose such documents or statements and for asserting the confidentiality of such documents or statements. In the event that the Settlement Process ends unsuccessfully, nothing in this paragraph shall prevent any party from seeking disclosure of documents or information under Rule 26 *et seq.* that were created or that originated before or after the unsuccessful close of the Settlement Process.

5) Discovery and all proceedings in each case shall be stayed upon endorsement or "so-ordering" of these provisions by each court. All due dates shall be tolled for a period of 45 days from the date both Courts so order the provisions set forth herein. In the event that any party concludes that the Settlement Process is futile, the stay and tolling can be terminated with written notice to the other parties and the Court.

The stay requested in ¶5 above is requested to permit the parties to focus their efforts and time on the Settlement Process. The parties respectfully request that the Courts endorse or "so order" the above provisions.

Respectfully submitted,

*[signature]*

Peter G. Farrell
Senior Counsel

cc: The Honorable Pamela K. Chen (by ECF)
Handschu Class Counsel. (by email)
Plaintiffs' Counsel in Raza (by ECF and email)

8/20/2014

The within Provisions, intended to facilitate a Settlement Process, are sensible, practical, even-handed, and well suited to that solitary purpose. The Court approves them.

It is SO ORDERED.

*[signature]*
UNITED STATES DISTRICT JUDGE

-3-