USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED :1/11/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

BARBARA HANDSCHU, et al.,

        Plaintiffs,　　　　　　　　　　　　No. 71 Civ. 2203 (CSH)

  -against-　　　　　　　　　　　　　　　　　**MEMORANDUM AND
　　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER**

POLICE DEPARTMENT OF THE CITY OF
NEW YORK, et al.,

        Defendants.

-------------------------------------------------------------------------X

**HAIGHT, Senior District Judge:**

    Counsel for the plaintiff Class and New York City Corporation Counsel, acting for the defendant New York City Police Department ("NYPD"), have jointly submitted to the Court a Stipulation of Settlement and Order ("the Stipulation") which would resolve the most recent controversy in this long-standing class action civil rights case which began in 1971 before Judge Weinfeld and eventually gave rise to the by now well known "Handschu Guidelines," more recently the "Modified Handschu Guidelines."  Familiarity is assumed with respect to all prior opinions, by this District Court and by the Court of Appeals.

    The most recent controversy is described in the third "WHEREAS" paragraph on page 3 of the Stipulation, which reads that "on April 2, 2013, Class Counsel brought a Motion For Injunctive Relief and Appointment of a Monitor, alleging that the NYPD had a policy or practice that violated the Modified Handschu Guidelines in that the NYPD conducts investigations of individuals and organizations associated with the Muslim religion solely on the basis of religion, and without a

1

factual predicate (the 'Handschu Motion')." The City and the NYPD denied any liability with respect to conduct alleged in the Handschu Motion. Discovery and settlement negotiations ensued. The parties now submit the proposed Stipulation. If this Court approves the Stipulation and enters the requested Order submitted with it, the effects will be, *inter alia*, that all claims of class members with respect to alleged violations of the Modified Handschu Guidelines are resolved in full; the Modified Handschu Guidelines will be further revised; a "Handschu Committee" will be appointed; and a "Civilian Representative" will serve on that Committee, with specified oversight responsibilities and powers. The Civilian Representative on the Handschu Committee appears to be the embodiment of "the Monitor" for whose appointment Class Counsel prayed in their underlying motion.

In a letter to the Court dated January 7, 2016, Class Counsel state that "the Court is required to convene a hearing to give members of the class an opportunity to comment on the proposed settlement." Corporation Counsel appear to share that perception; they have not opposed it. I think Class Counsel are correct. Promulgation by the Court of the original Handschu Guidelines was preceded by notice and a public hearing, a lively occasion where varying views were expressed. There was no notice or hearing at the time of the modification of the Guidelines in August 2003; *see* 288 F.Supp.2d 411 (S.D.N.Y. 2003). However, Federal Rule of Civil Procedure 23 was substantively amended, effective December 1, 2003, and according to the Advisory Committee's Notes, Rule 23(e) "is amended to strengthen the process of reviewing proposed class-action settlements." Rule 23(e), as amended, provides: "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Rule mandates that certain procedures "apply to a proposed settlement, voluntary dismissal, or

compromise," including the provision in Rule 23(e)(1) that the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," and the provision in Rule 23(e)(2) that "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable and adequate."

The impact of amended Rule 23(e) is not limited to the disposition of a class action in its entirety. Its strictures apply to "a proposed settlement, voluntary dismissal, or compromise" of "[t]he claims, issues, or defenses" of a certified class." A further modification of the Handschu Guidelines presents an issue lying at the core of this class action, and directly affects the interest of all class members. Certain potentially existing claims of class members against the NYPD and City will be resolved by the Stipulation. These consequences to important "claims, issues, or defenses" in the case trigger the notice and hearing requirements of Rule 23(e) in its amended form.

In their brief at 16-17, Class Counsel suggest publication of a notice in four newspapers "whose target audience is members of Muslim communities in New York." Counsel include a sketchy generalized description of what the notice should contain. The preferable practice is for counsel for the parties to agree, if they can, upon all questions concerning the contents and dissemination of the notice. The Court resolves any disputes.

During this protracted case, Class Counsel and Corporation Counsel have manifested a commendable ability to work together cooperatively and professionally, while at the same time fiercely protecting the rights of their clients. Thus encouraged, the Court directs that counsel for the parties confer and agree, if possible, upon: (a) the contents of the notice to class members with respect to the proposed Stipulation of Settlement, and (b) the manner or manners in which the notice will be disseminated to class members. If disputes arise which cannot be resolved or compromised,

the Court will resolve the issues by means of a telephone conference with counsel.

The date of the hearing should be left blank in the text of the notice. That date will be filled in by the Court when the agreed or adjudicated text of the notice is at hand. The hearing will take place in the United States Courthouse at 500 Pearl Street, New York, NY 10007, beginning at 10:00 a.m. on the designated day.

Counsel should submit the proposals called for by this Order as promptly as their schedules allow, and in no event later than **January 27, 2016.**

It is SO ORDERED.

Dated:  New Haven, Connecticut
        January 11, 2016

_____
CHARLES S. HAIGHT, JR.
Senior United States District Judge