USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED : 1/29/2016

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

BARBARA HANDSCHU, et al.,

        Plaintiffs,                   No. 71 Civ. 2203 (CSH)

   -against-                                JANUARY 29, 2016

POLICE DEPARTMENT OF THE CITY OF
NEW YORK, et al.,

        Defendants.

-----------------------------------------------------------------------X

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

The Court has considered the joint proposals of Class Counsel and Corporation Counsel with respect to (a) the contents of a notice to class members concerning the Proposed Stipulation of Settlement, and (b) the manner in which that notice will be disseminated to class members. Counsel communicated these proposals in Mr. Eisenstein's letter dated January 27, 2016 and enclosure, which were submitted in obedience to the Court's Memorandum and Order dated January 11, 2016.

The Court makes these comments and directions:

a. **Contents of Notice to Class Members**

The notice prepared by counsel is for the most part appropriate, subject to the following:

    **Page 2, penultimate paragraph:** For the sake of clarity, the citation to the *Raza* case should include a notation that the action was filed in the Eastern District of New York.

    **Page 3, caption:** Delete footnote 2 from the end of the caption, and set forth the full

1

wording of the present footnote as the first paragraph of the text, just before the bullet points begin.

**Page 4, second bullet point:** This paragraph begins with a reference in its first sentence to "[t]he civilian representative of the Handschu Committee." The ensuing sentences refer to this important individual as "she." The present record does not state or suggest that the civilian representative has been selected, or what the basis is for this indication of gender. The proposed modifications to the Guidelines, to be offered to class members for comment, use the neutral phrase "himself or herself" when discussing the Civilian Representative.

If the civilian representative has in fact been selected (and her gender is accordingly known), arguably that information should be included in the Notice, but the argument *contra* is that proceeding in that manner might would encourage class members to believe they have a voice in who the class representative should be. *Quaere* whether that is counsel's intent, and if it would be a good idea. If, on the other hand, the office of civilian representative is still wide open, then referring to that unknown and unselected individual as "she" may be no more than an exercise in political correctness, gallantry or *politesse*, none of which strikes me as necessary or even appropriate to the present task. I do not think it is chauvinistic for the Court to require that in any event, this paragraph of the Notice "she" should be amended wherever it appears, so that the text reads "civilian representative" or "representative" instead of "she."

**References to the Court:** In the Notice, the Court is referred to as "Charles S. Haight," a " Senior United States District Judge." The title is correctly stated, but at the bar and then on the bench, I have always used the name "Charles S. Haight, **Jr.**, " and wish to go on doing so. Soon enough, these generational distinctions will return to the dust from which they came, but in the interim, kindly amend the Notice and related usages accordingly.

2

### b. Dissemination to Class Members

Counsel's joint proposal is not entirely clear with respect to the publication of notice of the settlement. This is a vitally important development in the case, and the Court should err, if at all, on the generous rather than the stingy side of publication.

I agree that use should be made of the four newspapers mentioned on page 2 of counsel's letter: the New York Times, New York Daily News, El Diario, and New York Amsterdam News. Publication should also be made through the additional newspapers listed thereafter. Counsel say that "dissemination in print will be supplemented by broad dissemination through social media over the internet," which may well be a sound speculation in this changing culture, but it is speculation nonetheless, and does not justify a failure to make use of the traditional (and manifestly available) print media.

What is unclear is the number of publications in these newspapers counsel propose. Counsel say in their letter at 2 that "the notice be published two times in the newspapers identified," and then in the next paragraph express the parties' belief "that publication in two successive weeks will be sufficient." Does this mean that the notice will be published once a week during two successive weeks (a total of two publications in each newspaper), or that the notice will be published every day during the two successive weeks (a total of ten to fourteen publications in each newspaper, depending on whether it has weekend editions). Counsel are directed to clarify this point, by a follow-up joint letter if possible. For counsel's guidance, I will express my preliminary doubt that only two publications in each newspaper over a two-week period of time would be sufficient. Counsel express a desire to avoid "making publication costs prohibitive." The concern seems to me exaggerated, even though newspapers are trying to maximize print revenues in a digital age. But the

bottom line is that the parties – which as a practical matter means the City – will have to incur the cost of whatever scope of publication is required by the justice of the cause.

As for the date of the hearing, it cannot be set until the duration of the notice publication period has been determined. The Court may decide – putting it no higher than that – to require publication over a period longer than two successive weeks. In any event, conceptually there should be an interval between the last notice publication date and the hearing date of sufficient duration to allow class members receiving their *first* notice of the settlement by means of the *last* publication enough time to consider the matter and decide what, if anything, to do about it. Counsel are further directed to suggest to the Court how long that interval, between the last date of publication and the date of the hearing, should be.

The Court will make a final Order on these issues when the further responses of counsel are at hand. If it appears that a telephone conference would be useful, Chambers will contact counsel.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 29, 2016

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge