USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED :4/15/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BARBARA HANDSCHU, et al.,

        Plaintiffs,                                  No. 71 Civ. 2203 (CSH)

    -against-

POLICE DEPARTMENT OF THE CITY OF              APRIL 15, 2016
NEW YORK, et al.,

        Defendants.

-------------------------------------------------------------------X

## MEMORANDUM

**HAIGHT, Senior District Judge:**

     Responding to Class counsel's letter dated April 15, 2016, the Court makes these directions with respect to the fairness hearing that will begin on April 19, 2016.  Owing to the exigencies of time, these directions are being communicated by e-mail, a copy of which will be docketed.

     1.  The hearing will commence with statements by counsel of record in the two underlying cases: Handschu and Raza.  By virtue of complexity and vintage, Handschu is the lead case and I will hear first from Class Counsel.  I will then hear from counsel for the Raza plaintiffs.  Finally in this category, I will hear from Corporation Counsel, on behalf of all defendants in both cases.  Presumably, each of these attorneys will speak in favor of the proposed settlement and amendments to the Handschu Guidelines.

     2.  As requested, I will then hear from a *Raza* plaintiff - class member.  Counsel suggest that

I hear "from the plaintiffs in the Raza case," phrasing the suggestion in the plural. We will have many individuals who wish to speak, and I direct that the Raza plaintiffs select one individual from their number who can speak for all (presumably in favor of the settlement).

    3. The next item on the agenda will be oral comments by individuals in the large-size courtroom. (The Marshals are arranging for an overflow courtroom with TV piped in, but what follows in this paragraph applies to those in the main courtroom). I will tell the attendees preliminarily that the Court will continue the hearing on April 20 if necessary to accommodate them; that they can rely on their earlier written statements, which the Court will carefully consider, so that they need not speak; and the Court will keep the record open for an additional 30 days so that additional written statements can be submitted (no guarantee that there will be another hearing, I am for the present reserving on that). Having said all that, I will ask anyone who wishes to speak to raise his or her hand. When the hands go up, I will tell them that the only statements relevant to the hearing are those that directly address the fairness and reasonableness of the proposed settlement and Guidelines amendments, and the Court cannot hear or respond to personal grievances or complaints about unrelated subjects, however sincerely felt. I will also say that owing to the number of people who wish to be heard, each speaker should keep his or her remarks as brief as possible. I will then begin to call speakers up, beginning with those in the front pews, and work my way back through the room. If we go over into the next day, I will instruct those who wish to return and have not yet spoken to look around and come back to the same pew they are leaving, much in the fashion of instructions we give to jurors departing at the end of a trial or selection day. I am not in a position to continue the hearing for a third consecutive day during the week.

These comments comprise my present planning. Suggestions from counsel are welcome.

Dated: April 15, 2016

                                                    _____
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge