

*Reverend Al Sharpton, President & Founder*
*Reverend Dr. W. Franklyn Richardson, Chairman*
Janaye Ingram, Acting Executive Director

*National Action Network, Inc.*

*106 West 145th Street*
*New York, New York 10039*
*P.212.690.3070  F.646.380.2185*

**Michael A. Hardy, Esq.**
**General Counsel/EVP**
**Direct Dial (646) 380-2167**
**hardy@nationalactionnetwork.net**

April 18, 2016

The Honorable Judge Charles S. Haight, Jr.
Senior United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y.  10007

Re: Comments on the Proposed <u>Handschu</u> Settlement

Dear Judge Haight:

At the invitation of Wylie Stecklow, a member of the National Action Network Lawyer's Committee, I am submitting these comments for your consideration concerning the proposed settlement agreement in *Handschu v. Special Services Division*, 71CV2203(CSH), and the related case of *Raza v. City of New York*, 13CV3448 (PKC)(JO).  Thank you for the opportunity to submit these comments for the court's consideration on this extremely important turning point concerning First Amendment groups and their rights in a 21st Century setting.

I am the Executive Vice President and General Counsel for National Action Network ("NAN"). NAN is among the leading civil rights organizations in the nation and was formed to continue the work of the late Dr. Martin L. King, Jr.  Founded in 1991 by Rev. Al Sharpton, we have worked to continue to give life to the Dream of Dr. King, that America will live up to its promise of equality under the law and equal opportunity for its citizens.

*National Action Network, Inc*.

Honorable Judge Charles S. Haight, Jr.
Re: Comments on the Proposed Handschu Settlement
April 18, 2016

Cont.

As General Counsel, I have often advised the organization with regard to its participation in mass demonstrations that involves many of our members.  In 2008, I helped to advise the organization and its coalition members regarding organizing a large mass protest, involving civil disobedience, in relation to the acquittal of the police officers that were charged with shooting and killing Sean Bell.  Subsequently, I learned that the NYPD had sent infiltrators to meetings National Action Network hosted at its headquarters, the House of Justice, in Harlem.  While these were open meetings, they were organizational and strategic.  The only legal implications raised during these meetings were responses to questions about civil disobedience and questions regarding the locations for such action.

I have read and reviewed the modified *Handschu* guidelines.  I applaud the *Handshu* counsel for their many years of hard work and focus on behalf of citizens who peaceably assemble to petition Government for redress of their grievances.  I believe that the current guidelines as modified leave open the same problems that NAN has experienced while organizing mass protest and demonstrations.   The current modifications will allow the NYPD to make its own decisions on when to place infiltrators into peaceful groups.  The current modifications will allow the NYPD to make its own decisions on when to start or open an investigation into peaceful groups.  The current modifications will allow the NYPD to use violations of law often employed by peaceful groups, when engaging in acts of civil disobedience, to open an investigation and place infiltrators, both short and long term, into the peaceful groups.  The current modifications will allow the NYPD to do this with minimal oversight.  The current modifications create a very weak oversight in the proposed make-up of the *Handschu* committee, and with the lack of definitiveness in the civil representative to the *Handschu* committee.

I urge the Court to send the parties back to conference the settlement agreement and to come up with better language to restrict the use of basic civil disobedience as unlawful activity to trigger the opening of an investigation and the use of infiltrators in peaceful groups involved in First Amendment activity.  Moreover, the population of the *Handschu*  committee should be more balanced, and the civilian representative should be required to immediately provide notice of any perceived violation of these guidelines to the Judge.  There should be a short-timing window once notice has been provided for the court to conference the issue and determine whether more information is needed to make a determination whether the information provided is indeed a violation of the guidelines, or whether enough information is present.


Lastly, and very importantly, the language of the settlement agreement tracks most civil settlements, in that the defendant agreeing to the terms of settlement seek to avoid admitting wrongdoing.  In this setting, when First Amendment rights are being infringed, and when the NYPD violated the prior *Handschu* guidelines in spying on the Muslim community, the Court should act to avoid such official misconduct and unconstitutional behavior in the future.  That these violations occurred over a number of years in a number of different ways, and together,

***National Action Network, Inc***.

Honorable Judge Charles S. Haight, Jr.
Re: Comments on the Proposed Handschu Settlement
April 18, 2016

Cont.

formed a pattern and practice of violating the rights of groups protected by the First Amendment, any modifications to Handschu must be designed to avoid such clear violations of our constitution.

                                                Respectfully submitted,

                                                Michael A. Hardy, Esq.
                                                General Counsel/EVP